**WO** LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lupe Peña Garcia, | No. CV 05-1731-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant Towers Jail Commander moved to dismiss for insufficiency of service of process, and Defendant Maricopa County Board of Supervisors moved to dismiss for failure to timely serve and as an improper party (Doc. ##29, 33). Plaintiff responded and moved for sanctions (Doc. ##35-36, 37). Defendants replied and responded to the sanctions request, and Plaintiff replied (Doc. ##39-41, 43). The Court will deny each motion.

**I. Towers Jail Commander**

    **A. Insufficiency of Process**

The Court screened Plaintiff's Amended Complaint and required a defendant identified as "John Doe, Towers Jail Commander/Administrator" to answer (Doc. #25 at 7-8). In its Order, the Court expressly provided that under Rule 25(d)(2) of the Federal Rules of Civil Procedure, Plaintiff must include the name of the Doe defendant when he submitted his service packet. This warning was emphasized in boldface type (Id. at 8). The Court commonly requires litigants to name parties for ease of service by the marshal. Despite this Order, Plaintiff returned the service packet using only "Jail Commander/Administrator of the

Towers Jail Facility." Nevertheless, a Waiver of Service was signed by Pamela Woody, Legal Liaison of the Maricopa County Sheriff's Office on behalf of the Jail Commander for Towers Jail (Doc. #28).

Defendant Jail Commander moved to dismiss for insufficiency of service under Rule 12(b)(5) of the Federal Rules of Civil Procedure, contending that Plaintiff failed to comply with the order to provide the jail commander's name (Doc. #29). Plaintiff responded that (1) compliance was not mandatory because the ordering language did not come after "It is Ordered"; (2) his attempts at discovering the name were thwarted in the discovery processes; and (3) the jail commander was not prejudiced because he received the complaint and waiver of service (Doc. #35). Defendant Jail Commander replied that Plaintiff was required to comply with the order, and Plaintiff's description of difficulties in discovery was misleading (Doc. #39).

The Court points out to Plaintiff that he must comply with orders regardless where the language is set forth in the order. The ordering language was clearly set forth in boldface type and was not accidentally overlooked by either party. Even so, neither party has drawn attention to the language in the Defendant's Waiver of Service, which states:

> I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court **except for objections based on a defect in the summons or in the service of the summons**.

(Doc. #28) (emphasis added). Under this language, Defendant expressly waived any objections based on a defect in the summons or its service. Defendant has not contended that the Waiver of Service was signed without authority nor challenged the waiver in any other manner. And, Defendant has not cited any authority which provides that the waiver means anything other than what it says. Thus, Defendant waived service and cannot complaint about way the name on the summons was listed. As a final point, the Court's reason for requiring Plaintiff to provide the name of the party – ease of service by the marshal – was obviated by Defendant's waiver. Consequently, the Court will deny Defendant's motion.

In addition, under Rule 25(d)(2) of the Federal Rules of Civil Procedure, the Court will require Defendant Jail Commander to file a Notice of Substitution within 15 days that provides his name.

### B. Motion for Sanctions

Plaintiff's response to Defendant Jail Commander's dismissal motion was styled as a combination response and request for sanctions. For sanctions, Plaintiff stated only that Defendant's motion was not made in good faith. He did not indicate what type of sanctions he desired. Defendant responded that the motion was made in good faith and that some of Plaintiff's assertions about discovery were not truthful (Doc. #41). Plaintiff replied that his assertions were truthful and requested a sanction of denial of Defendant's motion (Doc. #43).

In light of the Court's denial of the motion and requirement for Defendant Jail Commander to submit his name, the parties' related discovery issues need no resolution. The Court's ruling also gives Plaintiff his desired sanction – denial of the motion – although for a different reason. No other sanctions were sought and none will be awarded. Plaintiff's motion will be denied.

## II. Maricopa County Board of Supervisors

Defendant Maricopa County Board of Supervisors ("Board") moved to dismiss the action against it because service was not timely and because it is not a proper party (Doc. #33). Plaintiff responded that the untimeliness was not prejudicial, and the Board is a proper party (Doc. #37). Defendant Board maintained their position in their reply (Doc. #40).

### A. Timeliness of Service

The issue of timeliness is based upon a misreading of the dates by the Board. The Board admits that it was personally served on September 27, 2006, and the docket also reflects that date (Doc. #33). The Board believes that service was untimely because it was not made within 60 days of the Court's order on July **21**, 2006 (Doc. #33 at 2, 4). The Order, however, issued on July **31** not July 21 (Doc. #25). The expiration of 60 days occurred on September 29, after service was achieved on September 27. Consequently, timeliness of service is not at issue.

### B. Proper Party

The Board also contends that it is not a proper party because it lacks authority to establish official policy with respect to the jail (Doc. #33 at 3). Under state law, that authority belongs to the sheriff, and the Board cannot be liable on a theory of respondeat superior, or so the Board posits. The Court is not persuaded by this contention.

A municipality such as a county cannot be held liable under § 1983 for an injury inflicted by its employees or agents unless the entity's policy or custom inflicts the injury. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). A government entitty is liable under § 1983 when "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. To hold the county liable, a plaintiff must establish that an official (1) had final policymaking authority about the action alleged to have caused the constitutional violation and (2) was the policymaker for the local governing body for the purposes of the act. McMillian v. Monroe County, 520 U.S. 781, 785 (1997); Cortez v. County of Los Angeles, 294 F.3d 1186, 1189 (9th Cir. 2002). State law determines the question of final policymaking authority. See McMillian, 520 U.S. at 786.

Plaintiff has alleged that both the sheriff and the Board are policymakers for the county (Doc. #14 at 2A). He has set forth very detailed allegations regarding their liability for overcrowding, lack of security, inadequate medical and mental health care, as well as understaffing and underfunding the jails. Under state law, the Board has the power to erect and furnish jails, Ariz. Rev. Stat. § 11-251(8), and the sheriff shall "[t]ake charge and keep" the jail. Ariz. Rev. Stat. § 11-441(A)(5); accord Ariz. Rev. Stat. § 31-101. Thus, both the Board and the sheriff have responsibilities regarding the jail. There are also extensive provisions under state law for the establishment of a county jail district to construct, operate, maintain and finance county jails; that district must be voter-approved, and the district is operated by both the Board and the sheriff. See Ariz. Rev. Stat. §§ 48-4001 et. seq. Neither party, however, has explained whether Maricopa County has a county jail district.

Regardless, under basic state law, it is clear that the Board may be liable under at least some the theories alleged by Plaintiff.

Also, as Plaintiff points out, state law provides that the powers of the county are exercised by its board of supervisors or by its agents and officers under its authority and authority of law. Ariz. Rev. Stat. § 11-201 (A). The Board has the power to sue and be sued. Id. The Board is the governing body of the county, and Defendant Board has not shown that suing the Board is anything other than the equivalent of suing the county which it governs. The dismissal motion will be denied.

**IT IS ORDERED:**

1. Defendant Jail Commander's Motion to Dismiss (Doc. #29) is **denied.**

2. The reference to the magistrate judge is withdrawn for Plaintiff's Motion for Sanctions (Doc. #36), and the motion is **denied**.

3. Defendant Maricopa County Board of Supervisors' Motion to Dismiss (Doc. #33) is **denied**.

4. Within **15 days** from the date of entry of this Order, Defendant Jail Commander shall file a Notice of Substitution that provides his name.

**DATED this 14th day of December, 2006.**

Stephen M. McNamee
United States District Judge