WO                                                                                                                                    **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lupe Pena Garcia,<br><br>        Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>        Defendants. | No. CV 05-1731-PHX-SMM (DKD)<br><br>**ORDER** |

Before the Court is Defendants' Motion for Summary Judgment (Doc. # 55), Plaintiff's Response (Doc. # 64), and Defendants' Reply thereto (Doc. # 67). After careful review of the pleadings and record in this case, the Court will grant Defendants' motion and terminate this action.

**I.     Background**

Plaintiff filed the instant action on June 8, 2005, against various Maricopa County officials. On March 23, 2006, Plaintiff filed a First Amended Complaint against Maricopa County Sheriff Joseph Arpaio, the Maricopa County Board of Supervisors, and the Towers Jail Commander.[1] Plaintiff presented three counts for relief, which the Court construed as

---

[1] On January 2, 2007, Defendants substituted Vincent Campanero and James Baumann, the Captains of the Towers Jail during Plaintiff's incarceration, for John Doe Towers Jail Commander (Doc. # 46). Defendants' notice also provided the name of the current Towers Jail Commander, Donna Hudson, who was not employed at the Towers Jail as Commander during Plaintiff's incarceration. As there are no allegations against Hudson, she is not a proper Defendant and will be dismissed. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (to state a § 1983 claim, plaintiffs must allege that they suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between

1  a singular claim of overcrowding in its July 31, 2006 Order (Doc. # 25 at 7).[2]  Plaintiff was
2  incarcerated at the Maricopa County Towers Jail from August 1, 2004 until January 27, 2005
3  (Doc. # 56, Ex. 1, Defendants' Statement of Facts (DSOF) ¶ 1). Plaintiff specifically alleged
4  that severe overcrowding at the Towers Jail caused his safety to be placed in jeopardy, his
5  medical condition to deteriorate and not be treated, and his basic human needs to go
6  unfulfilled (Doc. # 25 at 7).

7  Defendants have moved for summary judgment on the ground that Plaintiff's
8  allegations of overcrowding, even if true, do not rise to the level of a constitutional violation
9  (Doc. # 55 at 3-4). Plaintiff was informed of his right and obligation to respond to
10  Defendants' motion (Doc. # 57).[3]  Plaintiff filed his Response on August 29, 2007,
11  contending that Defendants' motion is duplicative of a prior motion filed on February 27,
12  2006. Plaintiff further argued that the Court has previously found that Plaintiff has stated a
13  claim for relief and, therefore, Defendants' motion must be dismissed. Defendants filed their
14  Reply on September 13, 2007 (Doc. # 67).

15  **II.   Legal Standards**

16      **A.   Summary Judgment**

17  A court must grant summary judgment if the pleadings and supporting documents,
18  viewed in the light most favorable to the non-moving party, "show that there is no genuine
19  issue as to any material fact and that the moving party is entitled to judgment as a matter of
20  law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
21  Under summary judgment practice, the moving party bears the initial responsibility of
22  presenting the basis for its motion and identifying those portions of the record, together with
23  affidavits, which it believes demonstrate the absence of a genuine issue of material fact.

---

the injury and that conduct).

[2] The Court notes that Plaintiff has never objected to this construal.

[3] Notice required pursuant to Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (en banc).

1 Celotex Corp., 477 U.S. at 323. If the moving party meets its initial responsibility the burden
2 then shifts to the opposing party who must demonstrate that the fact in contention is material,
3 i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v.
4 Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the
5 evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
6 at 250; see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir. 1995). The
7 opposing party need not establish a material issue of fact conclusively in its favor; it is
8 sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
9 parties' differing versions of the truth at trial." First Nat'l Bank of Ariz. v. Cities Serv. Co.,
10 391 U.S. 253, 288-89 (1968).

11 When considering a summary judgment motion, the court examines the pleadings,
12 depositions, answers to interrogatories, and admissions on file, together with the affidavits,
13 if any. Fed. R. Civ. P. 56 (c). The affidavits presented by the parties must "set forth such
14 facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). And the evidence of the
15 non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor."
16 Anderson, 477 U.S. at 255.

17 **B.     Applicable Law**

18 Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due
19 Process Clause, which protects against the use of excessive force that amounts to
20 punishment. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Redman v. County of San
21 Diego, 942 F.2d 1435, 1440 (9th Cir. 1991). For a particular governmental action to
22 constitute punishment, the action must cause the detainee to suffer some harm or disability,
23 and the purpose of the action must be to punish the detainee. Demery v. Arpaio, 378 F.3d
24 1020,1029 (9th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 538 (1979)). The harm or
25 disability caused by the government's action must either significantly exceed or be
26 independent of the inherent discomforts of confinement. Demery, 378 F.3d at 1030 (citing
27 Bell, 441 U.S. at 537). If a condition or governmental action is not reasonably related to a
28 legitimate governmental objective—"if it is arbitrary or purposeless"—a court may infer that

1 the purpose of the governmental action is punishment. Bell, 441 U.S. at 539.

2 Because pretrial detainees' rights under the Fourteenth Amendment are comparable
3 to prisoners' rights under the Eighth Amendment, the same standards are applied. Frost, 152
4 F.3d at 1128. Only deprivations denying the minimal civilized measure of life's necessities
5 are sufficiently grave for an Eighth Amendment violation. Johnson v. Lewis, 217 F.3d 726,
6 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food, medical
7 care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes v.
8 Chapman, 452 U.S. 337, 348 (1981). In determining whether a violation has occurred, a
9 court should consider the circumstances, nature, and duration of a deprivation of these
10 necessities. Johnson, 217 F.3d at 731.

11 To state a § 1983 claim that jail conditions violated his Eighth Amendment rights, a
12 plaintiff must show that the defendant acted with deliberate indifference. Wilson v. Seiter,
13 501 U.S. 294 (1991). Officials are deliberately indifferent if they both know of and disregard
14 an excessive risk to inmate health; the official must both be aware of facts from which the
15 inference could be drawn that a substantial risk of serious harm exists and he must also draw
16 the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Requiring conduct that
17 amounts to deliberate indifference "provides an appropriate balance of the pretrial detainees'
18 right to not be punished with the deference given to prison officials to manage the prisons."
19 Redman, 942 F.2d at 1443.

20 **III.   Analysis**

21 Plaintiff's claim is that overcrowding at the jail violated his constitutional rights.
22 Overcrowding is not unconstitutional *per se*, but it can result in certain effects that form the
23 basis for a constitutional violation. Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir.
24 1984); Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982). These effects include
25 increased violence, the reduction of other constitutionally required services such that they
26 fall below Eighth Amendment standards, and the deterioration of shelter to the point that it
27 is unfit for human habitation. Hoptowit, 682 F.2d at 1249; see also Akao v. Shimoda, 832
28 F.2d 119, 120 (9th Cir. 1987) (per curiam) (reversing district court's dismissal of claim that

overcrowding caused increased stress, tension, communicable disease, and confrontation between inmates); Toussaint, 722 F.2d at 1492 (constitutional violation may occur as a result of overcrowded prison conditions engendering violence, tension and psychiatric problems).

Plaintiff alleged that overcrowding caused threats to his safety in the form of: (1) opportunities for increased violence arose because mentally ill inmates were housed with other inmates and rival gang members were housed together (Doc. # 14 at 9); (2) understaffing at the jail, thereby preventing staff from responding to inmates' needs; and (3) failing to receive adequate medical care, resulting in the decline of Plaintiff's physical and mental health (id. at 15-17).

Defendants submitted excerpts of Plaintiff's deposition where Plaintiff was unable to articulate any specific instance of violence or any specific medical condition that went untreated at the jail (Doc. # 56, Ex. 2). Defendants therefore argue that Plaintiff's conclusory allegations that he was subjected to the deleterious effects of overcrowding do not rise to the level of an Eighth Amendment violation.

In Response, Plaintiff does not supplement or reiterate the merits of his claims. Rather, Plaintiff argues that Defendants' motion is duplicative of an earlier summary judgment motion and, therefore, should be summarily denied. Plaintiff further argues the Court has already determined that Plaintiff has stated a claim in his First Amended Complaint and that Defendants have not met their burden of proof that no genuine issue of material fact is in dispute (Doc. # 64 at 2).

The Court begins by rejecting Plaintiff's argument that Defendants' motion should be summarily denied as duplicative. Although Defendants did file a prior summary judgment motion (Doc. # 8), that motion was denied as premature, not on its merits (see Doc. # 25). As a result, there is no reason to summarily deny Defendants' instant motion.

Moreover, the Court's finding that Plaintiff adequately stated a claim in his First Amended Complaint does not equate to a finding that Plaintiff's claim ultimately has merit. Indeed, while the allegations in the First Amended Complaint, if true, might entitle Plaintiff to relief, those allegations must ultimately be supported by evidence. Here, Plaintiff has

1  submitted no evidence to substantiate his claims.  Plaintiff has not provided a scintilla of
2  evidence that any Defendant acted with deliberate indifference to the overcrowding at the
3  Towers Jail.  Indeed, Plaintiff acknowledges that Maricopa County has constructed
4  additional jails to facilitate the inmate population (Doc. # 14 at 18).  But Plaintiff has not
5  provided any evidence that Defendants deliberately delayed the construction of the new jails.

7  More importantly, Plaintiff has not pointed to a single instance where any violence
8  actually occurred at the Towers Jail because of overcrowding.  Nor has he articulated an
9  instance where he was denied treatment for any medical condition.  Further, Plaintiff has not
10 demonstrated that he suffered any medical condition as a result of the conditions of the jail
11 or the actions of any Defendant.  And finally, Plaintiff could not articulate any specific
12 weight loss as alleged in his First Amended Complaint (Doc. # 56, Ex. 2).  In short, without
13 any specific allegations at all, Plaintiff cannot establish that Defendants were deliberately
14 indifferent to the overcrowding at the Towers Jail.  Because conclusory allegations,
15 unsupported by factual material, are insufficient to defeat a motion for summary judgment,
16 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), and Plaintiff has done nothing more that
17 provide conclusory allegations to support his claims, there are no genuine issues of material
18 fact for trial and Defendants are entitled to summary judgment.  Accordingly,

19 **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc.
20 # 55) is **GRANTED**.  This action is dismissed with prejudice and the Clerk of Court is
21 directed to enter judgment accordingly.

22 DATED this 11th day of January, 2008.

Stephen M. McNamee
United States District Judge

- 6 -